UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00157-MR

| MICHAEL MABE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FNU LNU, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Michael Mabe ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Caldwell Correctional Center in Blanch, North Carolina.[1] On July 2, 2009, Plaintiff was convicted of first-degree burglary, two counts of assault on a female, larceny of a motor vehicle, communicating threats, and interfering with emergency communications. State v. Mabe, 697 S.E.2d 254, 2010 WL 2652254, at *1

---

[1] Blanch, North Carolina, is in Caswell County, which is in the United States District Court for the Middle District of North Carolina.

(N.C. Ct. App. 2010) (unpublished). Defendant pleaded guilty to two counts of habitual misdemeanor assault. The trial court arrested judgment on the habitual assault charges and sentenced Plaintiff within the presumptive range for the other charges. Id. at *2. Plaintiff directly appealed to the North Carolina Court of Appeals and the appeals court affirmed. Id. at *5. The North Carolina Supreme Court denied discretionary review. State v. Mabe, 702 S.E.2d 505 (N.C. 2010) (Mem). Plaintiff has also filed two unsuccessful motions for appropriate relief. See Mabe v. Whitener, No. 1:12-cv-277, 2013 WL 492498, at *1 (E.D.N.C. Feb. 7, 2013). In March 2012, Petitioner filed a petition for federal habeas relief under 28 U.S.C. § 2254, which was denied. Id. at *8. The Fourth Circuit dismissed Plaintiff's appeal because Plaintiff failed to make the requisite showing for a certificate of appealability. Mabe v. Whitener, 532 Fed. App'x 326 (4th Cir. 2013) (Mem).

Plaintiff filed the instant action on August 10, 2022, under 42 U.S.C. § 1983, against the following Defendants: (1) FNU LNU, identified as an NCDPS "official authorizing post release supervision;" (2) FNU LNU 2, identified as a "Probation and Parole" "official that authorized post release;" (3) Misty Crawford, identified as the minimum custody Unit Manager at Foothills Correctional Institution ("Foothills"); and (4) FNU Newton, identified as a Foothills Case Manager. [Id. at 1-4]. Plaintiff sues Defendants in their

individual and official capacities. [Id. at 3-4].

Plaintiff alleges as follows. In 2009, he was sentenced in North Carolina state criminal proceedings to a term of imprisonment of 133 to 169 months for felony burglary, a term of 15 to 18 months for felony auto-theft, and a term of 10 months for "misdemeanor assault and threat." [Id. at 7]. In May 2021, Plaintiff had completed "all consecutive felony time" and his "prison identification card was changed to a misdemeanant and the final 10 months [he] served was misdemeanor time." [Id. at 7-8]. In January 2022, at his scheduled release, he was "made a 'felon' again and released on felony post release supervision." [Id. at 8].

On May 23, 2022, Plaintiff's post-release supervision was violated based on a charge of misdemeanor assault. [Id. at 8]. Plaintiff was returned to prison to complete his post-release supervision sentence. [Id. at 9]. Despite having been in minimum custody for the last five years of his sentence, Plaintiff was "demoted all the way down … to close custody absent any due process" and even though "[his] points still score as minimum custody" and his pending charge is a misdemeanor. [Id. (emphasis in original)]. Plaintiff filed grievances and "state habeas corpus motions for illegal detainment … in state court – that gave no conclusion of law." [Id.].

Plaintiff alleges that his "felony post release <u>should</u> <u>have</u> commenced at the end of [his] felony time, <u>not</u> misdemeanor." [<u>Id.</u> at 8 (emphasis in original)]. Plaintiff further alleges that "a court cannot impose a felony sentence behind (or after) a misdemeanor sentence … or split a felony sentence to run in part before, and in part after, a misdemeanor sentence." [<u>Id.</u>]. Plaintiff purports to state claims for "illegal detainment, due process, [and] other." [<u>Id.</u> at 4]. For injuries, Plaintiff states he suffered illegal detainment by probation and parole, demotion of custody status without due process, and the "cost of probation and parole." [<u>Id.</u> at 6]. Plaintiff seeks monetary relief only. [<u>Id.</u>].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Plaintiff claims he has suffered "illegal detainment" and a due process violation for the demotion in custody status.[2]

---

[2] Because Plaintiff seeks monetary relief only and not modification of any state conviction or sentence, the Court will address Plaintiff's Complaint under § 1983.  If Plaintiff intends to challenge his current probation violation sentence, his relief is not under § 1983.

5

### A. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff has failed to state a claim for relief against Defendants in their official capacities and these claims will be dismissed.

### B. Illegal Detainment

Plaintiff purports to state a claim for "illegal detainment" against the NCDPS and the "Probation and Parole" officials who authorized Plaintiff's felony post-release supervision sentence, which he alleges resulted in his return to custody after his most recent, pending misdemeanor assault charge to complete his active felony sentence. It appears that Plaintiff's claim, if any, is barred.

In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains in custody on a post-release supervision violation, and the state court proceeding relative to that charge is ongoing, the Court must abstain from interfering. Should Plaintiff, however, believe that his claim is not barred by Younger, he may amend so his Complaint.

Plaintiff's claim may also be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not</u>

> cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff's claim appears, in part, to depend on what he contends is an illegal or improper post-release supervision sentence that has not been invalidated. As such, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that his sentence has been vacated or otherwise invalidated. Therefore, this claim also appears to be barred by Heck. The Court, therefore, will allow Plaintiff to amend his Complaint to show that it is not Heck-barred, if the facts support such amendment.

### C. Custody Status Demotion

Plaintiff also claims that his due process rights were violated when he was placed in close custody after his post-release supervision violation and return to prison. Plaintiff alleges that he should have been placed in

minimum custody according to his point score and misdemeanor status.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468

(1983)).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights. Plaintiff's placement in close custody, even if improper, is not an "atypical and significant hardship … in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Nor is there a constitutionally protected interest in a particular custody or security classification. Slezak, 21 F.3d at 594. As such, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment's due process clause and it will be dismissed.

Plaintiff fails to make any allegations against Defendants Crawford and Newton, and they will be dismissed as Defendants in this matter.

## IV. CONCLUSION

In sum, Plaintiff's official capacity claims, custody status demotion due process claim, and Defendants Crawford and Newton will be dismissed for Plaintiff's failure to state a claim for relief. It appears that Plaintiff's claim based on alleged illegal detainment is barred by Heck and/or Younger. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that Heck and Younger do not apply and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint, this

action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity and due process claims will be **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Defendants Misty Crawford and FNU Newton are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

_____
Martin Reidinger
Chief United States District Judge